IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANASSEH ADRIEL PHILIP, #43839-177, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:12-CV-4289-P-BK |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Div., § | | |
| Respondents. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition for writ of habeas corpus be summarily dismissed without prejudice.

**I. BACKGROUND**

On October 24, 2012, Petitioner filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1988 conviction for aggravated sexual assault of a child, for which he was sentenced to five years' imprisonment. *State v. Philip*, No. F88-81768 (283rd Jud. Dist. Court Jul. 12, 1988). Petitioner did not appeal and later unsuccessfully filed a state habeas application. *Ex parte Phillip*, No. WR-25,176-01 (Tex. Crim. App. Jan. 26, 1994) (denying application without written order).

Subsequently, Petitioner pled guilty to illegal reentry after removal, based on a factual resume that acknowledged his removal and subsequent return to the United States without permission, and was sentenced to 60 months imprisonment and a three-year term of supervised release. *United States v. Philip*, No. 3:11-CR-0361-L (N.D. Tex. Oct. 30, 2012). A direct appeal

is currently pending before the United States Court of Appeals for the Fifth Circuit. *See* Nos. 12-11122 and 12-11153.

In this action, Petitioner claims that his 1988 state conviction has "collateral consequences on [his] federal custody" because it resulted in his illegal re-entry conviction. (Doc. 3 at 2). Specifically, he asserts state trial counsel was ineffective because he failed to advise Petitioner that his guilty plea would result in his removal in violation of *Padilla v. Kentucky*, 30 S. Ct. 1473 (2010).[1] *Id.* at 2-3. Petitioner also states counsel coerced his guilty plea and did not raise prosecutorial misconduct. *Id.*

In his *Supplemental Amendment*, Petitioner acknowledges filing a second state application, which remains pending, *see Ex parte Philip*, No. W88-81768-B (283rd Jud. Dist. Court filed Oct. 11, 2012), and which raises some of the same claims as in this case. (Doc. 9 at 2). Petitioner reiterates that he "has maintained actual innocence since he pled 'nolo contendere' under threats, duress and coercion." *Id.*[2]

## II. ANALYSIS

A federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person

---

[1] The United States Court of Appeals for the Fifth Circuit has held that *Padilla v. Kentucky* does not apply retroactively on collateral review. *United States v. Amer*, 681 F.3d 211, 213-14 (5th Cir. 2012). The United States Supreme Court has granted certiorari in a Seventh Circuit to address that issue. *See Chaidez v. United States*, 655 F.3d 685 (7th Cir. 2011), *cert. granted*, 132 S. Ct. 2101 (Apr. 30, 2012).

[2] Earlier this year, Petitioner unsuccessfully sought federal habeas relief to challenge his federal pretrial detention and prosecution in No. 3:11-CR-0361-L. *See Philips v. Cruz*, No. 3:12-CV-0698-L-BH , 2012 WL 1413432 (N.D. Tex. Mar. 26, 2012), recommendation accepted 2012 WL 1423656 (N.D. Tex. Apr. 24, 2012) (denying motion for temporary restraining order and dismissing challenge to pretrial detention and prosecution without prejudice for failure to exhaust available remedies, and dismissing challenge to prior habeas petition and past and future deportation under 28 U.S.C. § 2241 without prejudice for lack of jurisdiction). Petitioner also abandoned his prior challenge to his 1988 state conviction. *See Philip v. Thaler*, No. 3:12-CV-832-L-BH (N.D. Tex. May 24, 2012) (accepting recommendation and dismissing section 2254 habeas petition without prejudice for want of prosecution).

*in custody* pursuant to the judgment of a state court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *see also Maleng v. Cook,* 490 U.S. 488, 490 (1989).  A petitioner satisfies the "in custody" requirement, when the challenged conviction has not fully expired at the time he files a section 2254 petition.  *Carafas v. Lavallee,* 391 U.S. 234, 238 (1968).  While actual physical detention is not required, there must be some restraint on the liberty of a person to be "in custody."  *Maleng*, 490 U.S. at 491.  Generally "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  *Id.* at 492.

Here, Petitioner is not currently in custody pursuant to a judgment of a state court, but is instead in federal custody serving the 60-month sentence in case number 3:11-CR-0361-L. Petitioner admits completing the 1988 five-year state sentence, which he seeks to attack here as unconstitutional.  (Doc. 3 at 3).  Although that conviction resulted in his removal, which is the basis for his recent illegal re-entry conviction, removal "is a collateral consequence that does not render a person 'in custody' for federal habeas purposes."  *See Campos-Conrrada v. Thaler*, No. 3:12-CV-4190-N-BH, 2012 WL 5844190 *2 (N.D. Tex. Oct. 23, 2012), *recommendation accepted*, 2012 WL 5844190 (N.D. Tex. Nov. 19, 2012) ("The fact that petitioner was deported as a result of [his prior state] conviction is not a sufficient restriction on his liberty to meet the 'in custody' requirement of § 2254(a).").[3]   Therefore, because Petitioner has fully discharged his

---

[3] While a petitioner can challenge the collateral consequences of a state conviction after his sentence is discharged through a writ of *coram nobis*, such a writ must be filed in the state convicting court.  *See Sinclair v. State of Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (a writ of error *coram nobis* is unavailable in federal court to attack a state criminal judgment).

Judge,

state sentence, this habeas petition should be dismissed for lack of subject matter jurisdiction. *Id.*

In his *Supplemental Amendment*, Petitioner asserts "the U.S. Attorney's Office used this 'tainted' conviction [the 1988 state conviction] on his PSR, to enhance his [federal] sentence, in conflict with the controlling case law of *United States v. Johnson*, 648 F.3d 273, 274 (5th Cir. 2011)." (Doc. 9 at 2). In *Maleng*, 490 U.S. at 493-94, and *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001), the Supreme Court acknowledged that because a section 2254 petition could be construed as asserting a challenge on a current sentence enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody" requirement for federal habeas jurisdiction despite the full expiration of his sentence. *See also Pleasant v. State of Texas*, 134 F.3d 1256, 1258-59 (5th Cir. 1998) (per curiam).

This Court, however, declines to re-characterize the section 2254 petition as one brought under 28 U.S.C. § 2255, challenging the federal sentence in No. 3:11-CR-361-L. A timely direct appeal from the October 2012 judgment is presently pending, and a district court cannot entertain a section 2255 motion during the pendency of a direct appeal because "the disposition of the appeal may render the motion moot." *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968), *abrogated on other grounds*, *United States v. Ortega*, 859 F.2d 327 (5th Cir. 1988); *see also Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972).[4] Therefore, even if this section 2254 petition were re-characterized as a section 2255 motion to vacate the federal sentence, this Court

---

[4] Moreover, the Supreme Court disfavors the re-characterization of a prisoner's pleadings as an initial section 2255 motion without prior notice to the inmate. *See Castro v. United States*, 540 U.S. 375, 382 (2003) (holding that when a district court re-characterizes a pro se defendant's motion as a first motion to vacate, it "must notify ... the litigant that this re-characterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he has.").

would have to dismiss it without prejudice to Petitioner reasserting it after the Court of Appeals has ruled on his direct criminal appeal.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** without prejudice for want of jurisdiction.

SIGNED December 21, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE